JOHN LOW, executor, *vs.* THOMAS FOSS & others.

Essex.   Nov. 9, 1876. — Jan. 3, 1877.   COLT, DEVENS & LORD, JJ.,
absent.

The holder of a promissory note, signed by the defendants, as trustees of a religious
society, agreed with the society and the trustees to release them from all claims
upon the note, upon condition that all their debts as such should be released or paid
from funds to be subscribed for the purpose; and they were so paid. *Held,* in an
action on the note, that there was no consideration, moving from the defendants,
for the holder's promise, and that it could not be availed of by them.

CONTRACT on the following promissory note, signed by the
defendants:

"$1500.   For value received by us the subscribers, in our
capacity of trustees of the Third Congregational Church and
Society of Marblehead, in the county of Essex, we promise to
pay to Abel Gardner and John Gilley, or their order, fifteen
hundred dollars in five years from the date hereof, with interest
semi-annually ; that is to say, one thousand dollars to said Abel
Gardner, or his order, in five years with interest semi-annually,
and five hundred dollars to said John Gilley, or his order, in five

years, with interest semi-annually. Witness our hands as trus-
tees aforenamed, this second day of April, A. D. 1860."

The answer of the defendants set up, that on February 20,
1870, the plaintiff's testator promised and agreed with said
society and with the trustees of said society, including these
defendants and others, some since deceased, that he would re-
lease and discharge the society and said trustees from all claims
or demands on account of said note and indebtedness, upon the
condition that all the outstanding debts of said society, or of the
trustees on account of said society, were also to be released or
paid from funds of subscriptions made for the purpose; that the
other parties interested in said society, jointly with the plaintiff's
testator, promised and agreed to and with said society and said
trustees, and to and with each other, to contribute in unequal
sums, by them specified for that purpose, to an amount in the
whole sufficient to pay and discharge all the indebtedness of said
society and trustees as aforesaid, and the same has been wholly
paid and discharged; that the note declared on in this action has
been released and paid by the plaintiff's testator in his lifetime.
Trial in the Superior Court, before *Bacon*, J., who allowed a bill
of exceptions, in substance as follows :

The signatures to the note were admitted, and the plaintiff
rested. The defendants than offered to prove the facts set forth
in their answer, with this exception and qualification, namely,
that at the time of the supposed arrangement and agreement set
forth in the answer, in the lifetime of the plaintiff's testator,
John Gilley, the person named as the other payee of the note in
suit, was deceased; but his widow joined in the arrangement,
and agreed that his note should also be surrendered and can-
celled. Subsequently it was found that she had no authority to
bind the estate, and his executors commenced an action against
these defendants to recover the amount of the note payable to
him. That action went to judgment, which was recovered on
October 10, 1873, and the execution, which issued November 1,
1873, was satisfied by the defendants, out of their own funds,
and without calling or intending to call upon the religious soci-
ety for reimbursement.

The judge, at the request of the plaintiff, ruled that these
facts, if proved, would not constitute a defence to the action

and directed a verdict for the plaintiff, which was rendered; and the defendants alleged exceptions.

*W. D. Northend*, for the defendants.

*S. Lincoln, Jr.*, (*S. B. Ives, Jr.* with him,) for the plaintiff.

GRAY, C. J. If the agreement of the plaintiff's testator, set up in the answer, was made upon any legal consideration as between him and the other creditors of the defendants, it was supported by no consideration moving to him from the defendants, and therefore cannot be availed of by them. *Cottage Street Church* v. *Kendall, ante*, 528.

*Exceptions overruled.*